**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MR. RENE D. EDWARDS, | : | |
| | : | Civil Action No. 13-3635(NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| V.C.C.B. BOARD MEMBERS, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Rene D. Edwards
New Jersey State Prison
P.O. Box 861
Trenton, NJ  08625
    Plaintiff pro se

**HILLMAN,** District Judge

    Plaintiff Rene D. Edwards, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]

---

[1] This Court previously denied Plaintiff's deficient application for leave to proceed in forma pauperis and administratively terminated this matter.  Plaintiff has since submitted a new application for leave to proceed in forma pauperis and this Court ordered this matter re-opened for consideration of Plaintiff's new application.  Based on his affidavit of indigence and the absence of three qualifying dismissals within

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (prisoner actions brought against a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true only for purposes of this review.  Plaintiff asserts that in December 2011 his cellmate assaulted him, hitting him with a lock concealed in a sock, then punched him, causing such damage to his jawbone that he required surgery to insert a rod to reconstruct his jawbone. Plaintiff asserts that he has suffered permanent nerve damage and paralysis to his face, in addition to emotional stress.

Plaintiff believes that his cellmate should have been prosecuted for assault and that Plaintiff should have received a financial award in accordance with the Criminal Injuries

---

28 U.S.C. § 1915(g), the Court will grant Plaintiff's new application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and will order the Clerk of the Court to file the Complaint.

2

Compensation Act of 1971, N.J.S.A. 52:4B-1 et seq.  He has attached to his Complaint some correspondence indicating that (1) a staffer at the Office of Corrections Ombudsman advised Plaintiff that the only way he would be entitled to a victim's award was if a judge ordered the award through a judgment of conviction of his attacker and (2) Cumberland County First Assistant Prosecutor Harold B. Shapiro advised Plaintiff that, in the normal course, it was the practice of the Prosecutor's Office to bring criminal charges arising out of an event at a state correctional facility only after receiving a request for investigation or prosecution from the Special Investigations Division ("S.I.D.") at the prison.[2]

Based upon these factual allegations, Plaintiff seeks to assert a claim against Attorney General Jeffrey Chiesa for failure to order a Victims Compensation award based upon discrimination due to Plaintiff's incarceration or due to race, color, religion, or sexual preference.  Plaintiff is particularly indignant that he has not been granted a Victims Compensation award in light of the fact that he has been paying Victims Compensation assessments.[3]  Plaintiff seeks to assert a

---

[2] Plaintiff's Motion [16] to amend the Complaint to add an attachment containing information regarding the Victims Compensation program will be granted.

[3] The Court notes that Plaintiff's institutional account statements, attached to his application for leave to proceed in

3


claim against Cumberland County Prosecutor Harold Shapiro, Police Chief Mark Ott, and S.I.D. Investigator K. Bolden for failure to take steps to initiate a prosecution against Plaintiff's cellmate.  Plaintiff also names as defendants the Victim of Crime Compensation Office and Board Members, All Unnamed Board Members, ABC Entities 1-to-20, and All John Does.  Plaintiff seeks compensatory damages.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... .  Factual allegations must be enough to raise a right to relief above the speculative level ... .

---

forma pauperis, reflect a Victims Compensation assessment balance of $9.76, as of November 30, 2013.

4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

5

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. ANALYSIS

A. The Failure to Prosecute Claims

Plaintiff seeks to proceed against Cumberland County Prosecutor Harold Shapiro, Police Chief Mark Ott, and S.I.D. Investigator K. Bolden for failure to take steps to initiate a prosecution against Plaintiff's cellmate.

However, "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973), cited in Sanders v. Downs, 420 F. App'x 175, 180 (3d Cir. 2011). See also Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981) (in general, a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another).

In addition, so far as the Cumberland County Prosecutor is concerned, "prosecutors enjoy absolute immunity for the failure to adequately investigate a case and for the decision to initiate, or decline to initiate, a prosecution." Sanders, 420 F. App'x at 180 (citing Kulwicki v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir. 1992)).

For the foregoing reasons, Plaintiff's "failure to prosecute" claim will be dismissed with prejudice.

7

B.   The Victims Compensation Claims

Plaintiff contends that the Attorney General improperly failed to award him a Victims Compensation award based upon discrimination due to Plaintiff's incarceration or due to race, color, religion, or sexual preference.

Pursuant to the Criminal Injuries Compensation Act of 1971, as amended, N.J.S.A. 52:4B-1 et seq., New Jersey has established a fund for the compensation of victims of certain violent crimes and an agency to administer the fund, including claims for compensation.  See also N.J.A.C. 13:75-1.1 et seq.  In general, incidents must be reported to the police within nine months, and claim applications must be filed within three years after the incident on which the claim is based.  N.J.A.C. 13:75-3.1. Claims must be filed on official forms, which may be obtained from the Victim of Crimes Compensation Office.  Id.  New Jersey has also set forth a number of eligibility criteria including, as relevant here, that the Office "may deny compensation to a claimant unless the claimant has satisfied any and all Violent Crimes Compensation Office assessments imposed," N.J.A.D. 13:75-2.1(h), and that "[n]o compensation shall be awarded if the victim sustained injuries while incarcerated for the conviction of a crime," N.J.A.C. 13:75-2.1(j).

As a preliminary matter, Plaintiff has not alleged that he filed a claim on the official form, as required by the

8

regulations noted above, nor that the Victim of Crimes Compensation Office denied his claim.  In the absence of such allegations, he certainly cannot state a claim for denial based on some form of illegal discrimination.  Nor has Plaintiff alleged any facts that would suggest that the Attorney General or any official of the Victim of Crimes Compensation Office was aware of any facts suggesting his race, color, religion, or sexual preference.

    Moreover, Plaintiff appears ineligible for a Victims Compensation award based on the fact that he still owed a balance on a Victims Compensation assessment in connection with his conviction and based on the fact that he was injured while incarcerated for the conviction of a crime.  Accordingly, he cannot state a claim for improper denial of a Victims Compensation claim.[4]

    It does not appear that Plaintiff could cure the deficiencies of his pleading with respect to this claim.  Accordingly, the claim will be dismissed with prejudice.

---

[4] Presumably, Plaintiff seeks to assert this claim also against the Victims of Crime Compensation Office and Board Members, as well as All Unnamed Board Members.  To the extent he seeks to assert this claim against these defendants also, he fails to state a claim for the same reasons described above.

9

C.   The Claims Against the Fictitious Defendants

Plaintiff also names as defendants ABC Entities 1-to-20, and All John Does.  With respect to these fictitious defendants, however, Plaintiff has failed to allege either any identifying characteristics or any facts suggesting that they violated his constitutional rights.  Although fictitious defendants "'are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed,'" Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998) (citations omitted), the complaint must contain factual allegations describing the fictitious defendants and their actions.  See Kates v. Bridgeton Police Department, Civil Action No. 10-6386, 2011 WL 6720497, *1 n.1 (D.N.J. Dec. 21, 2011); Smith v. Creative Resources, Inc., Civil Action No. 97-6749, 1998 WL 808605, *1 n.2 (E.D. Pa. Nov. 23, 1998).  See also Beale v. Department of Justice, Civil Action No. 06-2186, 2007 WL 327465, *8 (D.N.J. Jan. 30, 2007) (noting that a plaintiff cannot maintain an action solely against unnamed parties where the plaintiff has failed to describe the fictitious defendants, or their actions, sufficiently to enable naming them at a later date).  Here, Plaintiff has failed to allege any facts that would permit naming the fictitious defendants at a later date.  Accordingly, the claims against the fictitious defendants will be dismissed with prejudice.

V.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion [16] to amend will be granted.  The Complaint, as amended, will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c), for failure to state a claim.  As Plaintiff could not cure the defects of his complaint, he will not be granted leave to amend.  All other pending letter applications and Motions will be dismissed as moot.  An appropriate order follows.


At Camden, New Jersey                    s/Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated:  October 23, 2014